(93 Misc. Rep. 618)

PEOPLE ex rel. UTICA SUNDAY TRIBUNE CO. v. HUGO, Secretary of State, et al.

(Supreme Court, Special Term, Albany County. February, 1916.)

1. NEWSPAPERS ⬤⟳1(4)—DESIGNATION—SUFFICIENCY.
   Under County Law (Consol. Laws, c. 11) § 20, requiring the members of the county board of supervisors representing the two leading political parties within the county to designate a newspaper to publish the Session Laws and concurrent resolutions, if a designation in November, 1914, of a newspaper to publish the Session Laws of 1916 were invalid, because of the time at which it was made, a new designation on February 1, 1916, of the same paper is valid, and another paper designated to publish the Laws of 1915 does not hold over and become entitled to publish the Laws of 1916.

   [Ed. Note.—For other cases, see Newspapers, Cent. Dig. §§ 4–8, 11; Dec. Dig. ⬤⟳1(4).]

2. NEWSPAPERS ⬤⟳1(3)—DESIGNATION—SUFFICIENCY.
   Under County Law, § 20, requiring the members of the county board of supervisors representing each of the two leading political parties with-

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in the county to designate a paper to publish the Session Laws and concurrent resolutions, having regard to its advocacy of the principles of its party and the support of national nominees and to its general circulation in the towns of the county, the supervisors are not required to designate the paper having the largest circulation, but are vested with a large discretion in the designation.

[Ed. Note.—For other cases, see Newspapers, Cent. Dig. § 10; Dec. Dig. &⩯1(3).]

3. NEWSPAPERS &⩯1(5)—DESIGNATION—REVIEW.

Under County Law, § 20, the duty of members of the county board of supervisors to designate a paper to publish the Session Laws and concurrent resolutions being administrative, and not judicial, and being largely discretionary, their designation will not be reviewed by writ of mandamus to compel publication in a particular newspaper.

[Ed. Note.—For other cases, see Newspapers, Cent. Dig. § 9; Dec. Dig. &⩯1(5).]

4. NEWSPAPERS &⩯1(3)—DESIGNATION—SUFFICIENCY.

That Laws 1902, c. 559, requires the publication of notices of delinquent tax sales twice each week in the same newspaper designated to publish the Session Laws and concurrent resolutions, does not invalidate the .designation of a weekly newspaper, which makes affidavit of its intention to publish a semiweekly edition during the period when the tax notices are required.

[Ed. Note.—For other cases, see Newspapers, Cent. Dig. § 10; Dec. Dig. &⩯1(3).]

Application by the People, on relation of the Utica Sunday Tribune Company, for writ of mandamus to Francis M. Hugo, as Secretary of State, and another. Denied.

Lee & Dowling, of Utica, for relator.

Pritchard & Deecke, of Utica (John C. Davies, of Utica, of counsel), for respondent Garry A. Willard.

Egburt E. Woodbury, Atty. Gen., and Alex. T. Selkirk, Deputy Atty. Gen., of Albany, for respondent Hugo.

CHESTER, J.  The relator is seeking a writ of mandamus directing that the secretary of state certify to it, to be published in the Utica Herald-Dispatch, which it publishes, the Session Laws and concurrent resolutions of the Legislature required by law to be published in the county of Oneida in a Republican newspaper for the year 1916. It appears that said Utica Herald-Dispatch had been duly designated in February, 1914, to publish such Session Laws and concurrent resolutions for the year 1915, and the claim of the relator on this application is that the designation of the Boonville Herald, published by the defendant Willard, to publish such Session Laws and concurrent resolutions for the year 1916 was void, and therefore that the petitioner holds over and is for that reason entitled to publish the same for the year 1916.

The board of supervisors of the county of Oneida for 1914 was composed of 48 members, 22 of whom were elected upon the Democratic ticket and 26 upon the Republican ticket. On November 11, 1914, 22 of the 26 Republican supervisors, pursuant to section 20 of the County Law (Laws 1909, c. 16; Consol. Laws, c. 11), designated the Boonville

Herald to publish the Session Laws and concurrent resolutions required by law to be published in a Republican newspaper in Oneida county for the year 1916, and a duly certified copy of such designation was filed by the clerk of the board of supervisors in the office of the secretary of state on the 13th day of September, 1915, and such designation has not been revoked.

The principal claim of the relator in this respect is that such designation was void, because it was made in 1914 for a publication to be made in 1916. Reliance for that claim is based upon the authority of Matter of Troy Press Co., 94 App. Div. 514, 88 N. Y. Supp. 115, affirmed 179 N. Y. 529, 71 N. E. 1141, where it was held that it was not permissible to make a designation for a period exceeding one year in advance. In that case the Democratic members of the board of supervisors of Rensselaer county undertook to designate a newspaper to publish the Session Laws and concurrent resolutions for *two* years in advance. It was thought, if such a designation could extend for more than one year, there might be no limit to the period for which it might be extended, and that the political principles of the owner of the newspaper, or the situation of political parties, might change in such extended time, and in that way the spirit of the statute under which the designation was made might be subverted.

In the case we are now considering the designation was only for a single year, and not for two years, and while it was made in November, 1914, for a publication that would not be commenced for a little over a year thereafter, it presents a somewhat different situation than existed in the case referred to. Section 20 of the County Law does not prescribe the *time* when the designation shall be made. The supervisors who took part in this designation were elected at the annual election in November, 1913, took their offices January 1, 1914, and held the same for two years, until December 31, 1915. They were the ones who made the designation in November, 1914, and were the same persons who would be called upon to make a designation, if the need therefor existed, at any time during the year 1915. On November 22, 1915, over a year after the designation was made, the clerk of the board of supervisors reported the same to that body, and it was received and ordered filed without protest. More than this, in December, 1914, when the claim was made to the board of supervisors by the owner of the Utica Herald-Dispatch that the designation of the Boonville Herald for 1916 was void, that board made some investigation of the matter, but did not so far as appears take any affirmative action in relation thereto, except to ascertain the paid circulation in the different towns of the county of each paper. All this shows no disposition on the part of the members of the board who joined in the designation to recede therefrom, but rather to adhere to it, during the entire year.

In the Troy Case 5 Democratic members of the board of supervisors, after joining in the designation of one paper for two years, changed their minds and joined in the designation of another paper for the last of such two years, and it was held that the first designation for the second year was void. In the case under consideration there is no evidence of any change of mind on the part of any of the supervisors at any time during the year 1915, when a designation could have been

made, but it appears clearly that during all that time all of them stood by the designation which they had made in November, 1914, for the single year 1916, so I think that the Troy Case is fairly to be distinguished from this case.

[1] But it may be conceded, without deciding, that such designation was void, as there is another feature of this case which stands in the way of granting the writ asked for, provided the Boonville Herald possesses the other qualities for designation required by the statute and that is this: Twenty out of 30 of the Republican members of the new board of supervisors, who took office January 1, 1916, in a certificate bearing date February 1, 1916, designated the Boonville Herald to publish the Session Laws and concurrent resolutions for 1916, which certificate was sent to the secretary of state February 3, 1916. This was several days before any session law or concurrent resolution passed by the Legislature of 1916 had been received and filed in the office of the secretary of state, and, of course, prior to the time when any such laws or resolutions could have been sent forward for publication. If there was no legal designation of a Republican paper for 1916 prior to that time, I think this designation was effective to end the claim of the relator that it lawfully held over and for that reason was entitled to publish the laws for that year. This is emphasized by the fact hereinbefore stated that there is nothing in the law which fixes the time when the designation should be made, so that the members of the board were free to act in the absence of a prior legal designation at any time prior to the time when the publication was required to be made.

[2, 3] The claim is also made that the Boonville Herald does not possess the qualifications which make it eligible for designation for the purposes mentioned. Section 20 of the County Law provides that in designating a paper for such purpose regard must be had, first "to its advocacy of the principles of its party and its support of the state and national nominees"; and, second, "to its general and regular circulation in the towns of the county." It is evident from the papers before me that the members of the board who made the designations in question did have regard both to the political principles and to the circulation of each of those papers; but how much regard was given to circulation and how much to the political principles of the respective papers does not appear. Nor is it necessary that it should as long as regard was had to both features in making the designations. It appears that these members knew that the Utica Herald-Dispatch had much the larger circulation in the county than the Boonville Herald, but it also appeared that the latter paper had a regular and general circulation in each town of the county. But the statute does not require the designation of the paper having the largest circulation. People ex rel. Republican & Journal Co. v. McCarthy, 134 App. Div. 761, 119 N. Y. Supp. 387; People ex rel. R. & J. Co. v. Wiggins, 199 N. Y. 382, 384, 92 N. E. 789. The law is very elastic, and it leaves a very large discretion to the supervisors. Their acts in this respect are not judicial, but are administrative. People ex rel. Elmira Advertiser Ass'n v. Gorman, 169 App. Div. 891, 155 N. Y. Supp. 727; People ex rel. R. & J. Co. v. Wiggins, 199 N. Y. 382, 92 N. E. 789. The court

ın the case last cited held that such acts are not properly reviewable by certiorari. The office of the writ of mandamus is not to review the acts of a subordinate body, but to compel the performance of a duty imposed by law, and for that reason, under the authorities cited, I think it is not permissible here to review the acts of these supervisors in performing administrative acts where they were invested with a wide discretion.

[4] It is also urged that because the county treasurer is required to publish notices of delinquent sales for unpaid taxes twice each week in the same newspapers which are designated to publish the Session Laws and concurrent resolutions (Laws 1902, c. 559), and, because the Boonville Herald is a weekly newspaper, that paper was for that reason improperly designated. The defendant's answering affidavits show that it is his intention to publish a semiweekly edition of the Boonville Herald during the period when such notices are required to be published and to send the same to all its subscribers. This, it seems to me, will fully satisfy the requirements of the statute with respect to a publication of notices of tax sales twice in each week.

The writ asked for is aimed at the defendant, the secretary of state. It is not apparent on the papers before me that he has disregarded or intends to disregard any provision of law regulating his official conduct. He has on file in his office a notification by the clerk of the board of supervisors of the designation of the Boonville Herald as the Republican newspaper in Oneida county for the publication of the laws and concurrent resolutions for 1916 which is regular on its face, and which designation, if the views I have expressed are sound, is valid in law. He is bound, therefore, to forward copies of these laws and resolutions in due course to that paper for publication. For these reasons, the application of the relator should be denied, with $10 costs.

Application denied, with $10 costs.