PEOPLE ex rel. TOWN OF HEMPSTEAD, respondent, v. BOARD OF SUPERVISORS OF NASSAU COUNTY et al., appellants, and Hiram R. Smith, defendant. (Supreme Court, Appellate Division, Second Department. June 2, 1916.) Order affirmed, with $10 costs and disbursements to the respondent, upon the sole ground that section 177a of the Tax Law was applicable to this case upon its rehearing before the tax commission, and that said section makes it the duty of the board of supervisors, in carrying out the determination of the tax commission, to deduct, not only the excess stated in such determination, but also interest thereon from the date of the final return of the tax receiver. Jenks, P. J., and Thomas, Carr, Mills, and Rich, J., concur.

PEOPLE ex rel. UTICA SUNDAY TRIBUNE COMPANY, applt., v. Francis M. HUGO, as Secretary of State, etc., and Garry A. Willard, respts. (Supreme Court, Appellate Division, Third Department. June 30, 1916.) Order (93 Misc. Rep. 618, 158 N. Y. Supp. 490) affirmed, with $50 costs and disbursements on the opinion of Chester, J., at special term.

PEOPLE ex rel. Edward VALIANT v. James D. PATTON, as Sheriff of Albany County, and custodian of the Albany County Penitentiary, defendant. (Supreme Court, Appellate Division, Third Department. May 18, 1916.) Relator discharged, upon the ground that, a year having elapsed, the court had not the power to impose imprisonment upon him. All concur, except Cochrane, J., not voting.

PEOPLE ex rel. Charles WEEKS, appellant, v. James H. COOKS, as Supervisor of the Town of Oyster Bay, etc., respondent. (Supreme Court, Appellate Division, Second Department. June 16, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

PEOPLE, etc., ex rel. WESTCHESTER LIGHTING COMPANY, respondent, v. John Y. LAVERY et al., as members of the Board of Education, etc., appellants. (Supreme Court, Appellate Division, Second Department. June 23, 1916.) Motion denied, on condition that the appellants perfect the appeal, place the case on the September calendar, and be ready for argument when reached; otherwise, motion granted, with $10 costs.

PEOPLE ex rel. Alex YANDOLI, Applt., v. SHERIFF or Warden of Bronx County Jail, Respt. (Supreme Court, Appellate Division, First Department. June 23, 1916.) Order affirmed. No opinion. Order filed.

In the Matter of the Voluntary Dissolution of the PEOPLE'S SURETY COMPANY OF NEW YORK. In re Petition of Maria A. KOCH et al. (Supreme Court, Appellate Division, Second Department. May 19, 1916.) Order modified, by striking out the provision for the payment of the premium claimed to be due September 14, 1914, and, as modified, affirmed, without costs. No opinion. Jenks, P. J., and Stapleton, Mills, Rich, and Putnam, JJ., concur.

Oscar J. PERRIN, respt., v. Frederick F. PROCTOR, applt. (Supreme Court, Appellate Division, Third Department. June 30, 1916.) Judgment and order unanimously affirmed, with costs.

Louis C. PIPER, as temporary receiver, etc., respt., v. George S. WARD, applt. (Supreme Court, Appellate Division, Fourth Department. June 15, 1916.) Interlocutory judgment affirmed with costs, with leave to the defendant to plead over within 20 days, upon payment of the costs of the demurrer and of this appeal. All concur.

Hazel B. PIRIE, Applt., v. Allan H. PIRIE, Respt. (Supreme Court, Appellate Division, First Department. June 9, 1916.) Order reversed, with $10 costs and disbursements to appellant, and motion granted to the extent stated in order. No opinion. Order filed.

Susie E. PISER, Applt., v. Ferdinand HECHT et al., Respts. (Supreme Court, Appellate Division, First Department. May 26, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Order filed.

Golde PLOXIN, as administratrix, etc., of Louis Ploxin, deceased, respondent, v. BROOKLYN HEIGHTS RAILROAD COMPANY, appellant. (Supreme Court, Appellate Division, Second Department. November 19, 1915.) Judgment and order reversed, with costs, and complaint unanimously dismissed, with costs, upon the ground that the evidence establishes, as matter of law, that decedent was guilty of contributory negligence. The evidence, viewed in the light most favorable to plaintiff's case, tended to establish that the decedent, having seen the well-lighted car some 30 feet east of Lawrence street—that is, from 180 to 200 feet east of his position—approaching rapidly upon the further or northern track, started to walk across the street directly in front of the car, where he had a distance of fully 29 feet to go in order to clear the approaching car; that when he came to the space between the two tracks, and was about to step upon the further track, and then had about 6 feet further to go to be fully across, out of the way of the car, the car was only 30 feet away, still coming rapidly with unabated speed; that, without at all increasing his speed, he continued his walk and was struck as he was passing over the further rail, that is, after he had walked about 5 feet more; and that there was, throughout his passage from the curb, nothing to obstruct his view or distract his attention from the approaching car. Zucker v. Whitridge, 205 N. Y. 50, 98 N. E. 209, 41 L. R. A. (N. S.) 683, Ann. Cas. 1913D, 1250; Lofsten v. Brooklyn Heights R. R. Co., 184 N. Y. 148, 76 N. E. 1035; Peterson v. Ocean Electric Ry. Co., 161 App. Div. 720, 146 N. Y. Supp. 604; Wecker v. Brooklyn, Queens Co. & S. R. R. Co.,